# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

RANDALL RE,               )
                         )
        Plaintiff,      )
                         )
      v.             )         No. 4:11CV441 SNLJ
                         )
ILLINOIS STATE BAR ASSOC.   )
MUTUAL INSURANCE CO.,    )
                         )
       Defendant.     )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. Upon review of the financial information provided with the complaint, the Court has determined that plaintiff cannot afford to pay the filing fee. As a result, the Court will grant the motion. Additionally, the Court has reviewed the complaint and has determined that venue does not lie in this District.

Plaintiff, a Missouri resident, brings this action to recover monies against the Illinois State Bar Association Mutual Insurance Company, an Illinois corporation, under 28 U.S.C. § 1332, pursuant to this Court's diversity jurisdiction. Plaintiff alleges that in August of 2002 he engaged an Illinois attorney by the name of Terry O'Donnell to represent him in his post divorce proceedings, as well as in a criminal matter, in the United States District Court, Northern District of Illinois, Eastern

Division. Plaintiff states that attorney O'Donnell misappropriated plaintiff's funds. He claims that attorney O'Donnell placed $225,000 from the sale of a warehouse owned by plaintiff (in Woodridge, Illinois) in his own personal account, illegally spent the money and never paid plaintiff back. Plaintiff claims that O'Donnell admitted to these fraudulent acts in statements made to the Federal Bureau of Investigation in 2006. O'Donnell died in February of 2007.

Plaintiff claims that O'Donnell was insured by defendant under a malpractice insurance policy. Plaintiff asserts that he filed a claim with defendant in 2008, and again in 2009, but that defendant denied his claim for compensation based on O'Donnell's alleged fraudulent acts. Plaintiff seeks $225,000 in damages from defendant for the funds he believes O'Donnell misappropriated.

In a diversity action, the action may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). None of the requirements of § 1391(a) are present in this case. As a result, venue does not lie in this District.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." The Court finds that dismissal, rather than transfer, is appropriate in this action. As a result, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 23rd day of March, 2011.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE